UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VICTORINO N.S.,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX, ERNESTO SANTACRUZ JR., ACTING FIELD OFFICE DIRECTOR OF ICE'S LOS ANGELES FIELD OFFICE, DAVID J. VENTURELLA, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

No. 1:26-CV-06608-RLP

ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE

Before the Court is Petitioner Victorino N. S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and

[1]As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits

Preliminary Injunction, ECF Nos. 1, 15, and Respondents' Opposition to Petition for Writ of Habeas Corpus and Motion to Dismiss, ECF No. 16. Having reviewed the filings and applicable law, the Court dismisses the petition without prejudice and denies Petitioner's motion for temporary relief as moot.

BACKGROUND

Petitioner is a citizen and national of Mexico who entered the United States without inspection or admission in approximately 2000. ECF No. 1 at 3; ECF No. 16-2 at 1. Petitioner asserts he has continuously resided in the United States for more than 25 years and has a U.S. citizen wife and three U.S. citizen children. ECF No. 1 at 3.

On June 27, 2026, Petitioner was arrested by local law enforcement in Florida for driving with a canceled, suspended, or revoked license. ECF No. 16-1 at 3. Two days later, immigration authorities detained Petitioner pursuant to a warrant for arrest of an alien and initiated removal proceedings against him. *Id.*;

---

Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ECF Nos. 16-2, 16-5. The Notice to Appear charges Petitioner as removable, in part, because he is present in the United States without having been admitted or paroled. ECF No. 16-2. At that time, the government treated Petitioner as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* ECF No. 16 at 1.

Petitioner was initially detained in Miami, Florida. ECF No. 1 at 2. His counsel sought release on bond before the Miami Immigration Court, but Petitioner was subsequently transferred to California. *Id.* Counsel then sought a custody redetermination before a California Immigration Court. *Id.* at 2-3; ECF No. 1-1.

On July 22, 2026, an immigration judge determined that the immigration court lacked jurisdiction over Petitioner's request for a custody redetermination. ECF No. 1-2 at 2. The immigration judge reasoned that, because Petitioner was charged as a noncitizen present in the United States without having been inspected and admitted or paroled, the immigration court lacked jurisdiction to conduct a custody redetermination. *Id.* Petitioner appealed that determination to the Board of Immigration Appeals ("BIA"). ECF No. 1 at 8, 16.

Eight days after the immigration judge's decision, the Ninth Circuit decided *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). There, the Ninth Circuit held that noncitizens like Petitioner who are "present without admission who are apprehended in the interior of the United States are subject to the detention regime of [8 U.S.C. ]§ 1226, not § 1225(b)(2)(A). *Id.* at 1165.

Petitioner filed the instant habeas petition on August 17, 2026. ECF No. 1. Subsequent records show that Petitioner was scheduled for a custody redetermination hearing to be held on August 31, 3026. ECF No. 16-6. The Court has not been apprised of the outcome of the custody redetermination hearing.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## DETENTION UNDER 8 U.S.C. § 1226(a)

Section 1226 governs the detention of noncitizens pending a decision on removal. Under Section 1226(a), the government may detain a noncitizen pending removal proceedings or release the noncitizen on bond or conditional parole. *See Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). After the government makes an

initial custody determination, a noncitizen detained under Section 1226(a) may seek a bond redetermination before an immigration judge and may appeal an adverse decision to the BIA. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022).

EXHAUSTION

Although exhaustion under 28 U.S.C. § 2241 is prudential rather than jurisdictional, the Ninth Circuit generally requires a noncitizen challenging an immigration custody determination to exhaust available administrative remedies before seeking habeas relief. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion when “administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.” *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Under § 1226(a), a detainee may seek a custody redetermination before an immigration judge and appeal an adverse determination to the BIA. *See Leonardo*, 646 F.3d at 1160-61. In *Leonardo*, the Ninth Circuit held that a detainee who sought habeas review of an immigration judge’s bond determination without first appealing to the BIA had taken an improper “short cut,” and directed dismissal without prejudice. *Id.*

ANALYSIS

Petitioner first contends his detention is governed by 8 U.S.C. § 1226 rather than § 1225(b)(2)(A), and he argues that his detention without a bond hearing violates the Fifth Amendment's Due Process Clause. ECF No. 1 at 6-7, 24.

In response, Respondents acknowledge that *Rodriguez Vazquez* controls and holds that § 1226(a) governs the Petitioner's detention. ECF No. 16 at 1. Respondents further represent that, consistent with § 1226(a), Petitioner was scheduled for a custody redetermination hearing before an immigration judge on August 31, 2026. *Id.* at 1-2; ECF No. 16-6.

Before reaching the parties' constitutional arguments, however, the Court must determine whether Petitioner has exhausted the administrative remedies available to him. Petitioner recognizes that he has not completed the administrative process but argues exhaustion should be excused as futile. ECF No. 1 at 15-16. He reasons that the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), predetermined the outcome of any administrative challenge because the BIA concluded that noncitizens who entered the United States without inspection are subject to mandatory detention under § 1225(b)(2)(A). *See id.*

But *Rodriguez Vazquez* eliminates the premise underlying Petitioner's futility argument. Respondents acknowledge that, under that binding decision, § 1226(a) governs Petitioner's detention. ECF No. 16 at 1. And the immigration

court subsequently scheduled Petitioner for a custody redetermination hearing under § 1226(a). *Id.* at 1-2; ECF No. 16-6.

The record does not establish that Petitioner has completed that process or any available administrative review. Because Petitioner has not shown that he exhausted his administrative remedies and has not established that exhaustion should be excused, the Petition is dismissed without prejudice. Because Petitioner's failure to exhaust is dispositive, the Court does not reach his constitutional arguments.

**Accordingly, IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

2. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 15, is **DENIED AS MOOT**.

3. Respondents' Opposition to Petition for Writ of Habeas Corpus and Motion to Dismiss, ECF No. 16, is **GRANTED.**

The District Court Executive is directed to enter judgment accordingly, provide copies of this Order to counsel, and **CLOSE THE FILE**.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Respondents and a copy of this order shall be transmitted to Petitioner by mail.

DATED September 10, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE